**United States District Court**
For the Northern District of California

1

2

3                                                             *E-Filed 9/16/11*

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12   JERRY MARTIN MIRANDA,                 No. C 11-3749 RS (PR)

13              Plaintiff,                 **ORDER REOPENING ACTION;**

14        v.                               **ORDER DISMISSING COMPLAINT
                                           WITH LEAVE TO AMEND**
15   M. CATE, et al.,

16              Defendants.

17   _____/

18

19                          **INTRODUCTION**

20         This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state

21   prisoner.  The complaint was dismissed because plaintiff failed to pay the filing fee or file a

22   complete application to proceed in forma pauperis ("IFP") by the deadline.  Plaintiff now has

23   filed a complete IFP application.  Accordingly, the action is hereby REOPENED.  The order

24   of dismissal (Docket No. 5), and the judgment (Docket No. 6), are hereby VACATED.  The

25   Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

26   //

27   //

28   //

**United States District Court**
For the Northern District of California

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id*. § 1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (quoting *Twombly*, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Plaintiff's allegations concern his January 2007 validation as a gang member by defendants, employees at Pelican Bay State Prison.  The complaint may be barred by the statute of limitations.  As of 2002, the statute of limitations for civil actions filed in California is two years, as set forth at California Civil Procedure Code § 335.1, which is the applicable statute in § 1983 actions.  *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir.

United States District Court
For the Northern District of California

1  2004).  Because an inmate suffers from the disability of imprisonment, an inmate has, for

2  claims accruing after 2002, four years to bring a § 1983 claim for damages in California, i.e.,

3  the regular two year period under section 335.1 plus two years during which accrual was

4  postponed due to the disability of imprisonment.[1]  Under federal law, a claim generally

5  accrues for calculating the statutory limitations period when the plaintiff knows or has reason

6  to know of the injury which is the basis of the action.  *See TwoRivers v. Lewis*, 174 F.3d 987,

7  991–92 (9th Cir. 1999); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).

8      Plaintiff's claim accrued on January 11, 2007, when he was validated as a gang

9  member.  The instant complaint was filed on July 29, 2011, more than four years after the

10  accrual date.  It appears, then, that plaintiff's claim is barred by the statute of limitations.

11  Plaintiff will be granted an opportunity to address the concerns discussed here, and offer any

12  defenses or exceptions.  Accordingly, the complaint is DISMISSED WITH LEAVE TO

13  AMEND.  Plaintiff shall file an amended complaint addressing the concerns detailed above

14  within 30 days from the date this order is filed.  The first amended complaint must include

15  the caption and civil case number used in this order (11-3749 RS (PR)) and the words FIRST

16  AMENDED COMPLAINT on the first page.  Because an amended complaint completely

17  replaces the previous complaints, plaintiff must include in his first amended complaint all the

18  claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v.

19  Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from

20  the prior complaint by reference.  Failure to file an amended complaint in accordance with

21  this order will result in dismissal of this action pursuant to Federal Rule of Civil Procedure

22  41(b).

23      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

24  informed of any change of address by filing a separate paper with the clerk headed "Notice

25  of Change of Address."  He must comply with the Court's orders in a timely fashion or ask

26

27      [1] This tolling provision is unavailable for inmates sentenced to life without the possibility
of parole.  Accordingly, plaintiff must inform the Court of his exact sentence.

28

1   for an extension of time to do so.  Failure to comply may result in the dismissal of this action

2   for failure to prosecute.

3   **IT IS SO ORDERED**.

4   DATED:  September 16, 2011

_____
RICHARD SEEBORG
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

No. C 11-3749 RS (PR)
ORDER DISMISSING COMPLAINT