*E-Filed 10/16/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JERRY MARTIN MIRANDA,

    Plaintiff,

    v.

M. CATE, et al.,

    Defendants.

No. C 11-3749 RS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' motion to dismiss is GRANTED, and the action is DISMISSED.

## DISCUSSION

**A.   Background**

Plaintiff claims that defendants, his jailors at Pelican Bay State Prison, violated his (1) due process rights in their handling of his initial (January 2007) and subsequent (August 2011) gang validations, and (2) Eighth Amendment rights by housing him in the Secured

Housing Unit. Defendants contend that these claims are barred by the statute of limitations and by the exhaustion requirement.

**B.     Claim 1**

   **1.     January 2007 Validation**

As the Court determined previously, plaintiff's claims regarding his January 2007 gang validation are barred by the statute of limitations. As of 2002, the statute of limitations for civil actions filed in California is two years, as set forth at California Civil Procedure Code § 335.1, which is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Because an inmate suffers from the disability of imprisonment, an inmate has, for claims accruing after 2002, four years to bring a § 1983 claim for damages in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment. Under federal law, a claim generally accrues for calculating the statutory limitations period when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994).

Plaintiff's claim accrued on January 11, 2007, when he was validated as a gang member. The instant complaint was filed on July 29, 2011, more than four years after the accrual date. Plaintiff has not shown that the statute of limitations requirement should be excused. Accordingly, his claims regarding his January 2007 gang validation are barred by the statute of limitations, and are hereby DISMISSED with prejudice.

   **2.     August 2011 Revalidation**

This claim must be dismissed because the undisputed record shows that plaintiff has not exhausted his administrative remedies. Prisoners must properly exhaust their administrative remedies before filing suit in federal court. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies

as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is no longer left to the discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).

To exhaust properly administrative remedies in California state prisons, inmates must proceed through a four-step process, which consists of (1) an informal attempt at resolution; (2) a first-level formal appeal; (3) a second-level appeal to the institution head; and (4) an appeal to the Director of the California Department of Corrections and Rehabilitation. See 15 Cal. Code Regs. § 3084.5.

As plaintiff has not exhausted his administrative remedies, his claims regarding his August 2011 revalidation are DISMISSED without prejudice. Plaintiff may refile such claims after he has complied in full with the exhaustion requirements.

**C. Claim 2**

This claim must be dismissed because plaintiff has failed to exhaust his administrative remedies regarding his Eighth Amendment claims. Accordingly, his claim is DISMISSED without prejudice. Plaintiff may refile such claims after he has complied in full with the exhaustion requirements.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss (Docket No. 25) is GRANTED. All claims are hereby DISMISSED. Defendants' motion (Docket No. 30) to grant plaintiff additional time to respond to the warnings required by *Stratton v. Buck*, No. 10-35656, slip op. 11477, 11483 (9th Cir. Sept. 19, 2012) is DENIED as moot, plaintiff having had more than two months to respond. The Clerk shall terminate Docket Nos. 25 and 30, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: October 16, 2012

RICHARD SEEBORG
United States District Judge